IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION



FILED

FEB 01 2018

Clerk U.S. District Court
District Of Montana
Great Falls

| | |
|---|---|
| GREGORY JOHNS,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware Corporation; ROBINSON INSULATION COMPANY, a Montana Corporation for profit; JOHN SWING; and DOES A-Z, et al.,<br><br>Defendants. | CV 17-78-GF-BMM<br><br>ORDER |

Plaintiff Gregory Johns originally filed suit in the Montana Eighth Judicial District of Cascade County. (Doc. 6.) Defendant BNSF Railway Co. ("BNSF") removed the case to this Court on diversity of citizenship grounds. BNSF alleges that complete diversity exists as Johns fraudulently joined John Swing as a defendant. Johns filed a Motion to Remand. (Doc. 13.)

United States Magistrate Judge John Johnston conducted a hearing in this matter on November 1, 2017. (Doc. 47.) Judge Johnston entered Findings and Recommendations on January 3, 2018. (Doc. 49.) The Court granted BNSF and Swing until January 24, 2018 to file any objections to Judge Johnston's Findings and Recommendations. (Doc. 51.) BNSF and Swing timely filed an objection on

1

January 24, 2017.[1] (Doc. 52.) The Court reviews *de novo* Findings and Recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1). The Court reviews for clear error those portions of Judge Johnston's Findings and Recommendations to which the parties did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

This matter stems from Johns's alleged exposure to asbestos in Libby, Montana. (Doc. 6 at 2.) The Court can exercise subject matter jurisdiction over a state law claim only when the amount-in-controversy exceeds $75,000.00, and complete diversity exists between the parties. Complete diversity requires that no party be a citizen of the same state as another party. 28 U.S.C. §§ 1332(a), 1441(b). The action may not be removed if any properly joined and served defendant remains "a citizen of the State in which the action is brought" ("forum defendant rule"). 28 U.S.C. § 1441(b)(2).

Judge Johnston determined that BNSF established diversity of citizenship in this action. (Doc. 49 at 3.) Judge Johnston determined that BNSF exists as a citizen of Delaware and Texas. *Id.* Johns is a citizen of Idaho. *Id.* Swing, the managing agent for BNSF, remains a citizen of Montana. *Id.* Judge Johnston, as a result,

---

[1] Defendants' repeatedly refer to "Magistrate Johnson." The Court will assume that the Defendants intend to refer to United States Magistrate Judge John T. Johnston who drafted the Findings and Recommendations in this matter.

2

determined that complete diversity exists. *Id.* at 4. The presence of Swing and his corresponding Montana citizenship requires, however, remand to Montana state court pursuant to the forum defendant rule. *Id.*

BNSF and Swing raise four objections to Judge Johnston's findings and recommendations. BNSF and Swing argue that Judge Johnston failed to analyze properly the following issues: 1) that Swing cannot be held personally liable in this case because Johns did not allege any specific facts or claims against Swing in the Complaint; 2) that Swing's actions were not independently tortious in nature; 3) that even if the allegations in the Complaint were sufficient, piercing the pleadings reveals a lack of genuine dispute that Swing served merely as a manager of depot clerks and did not play a role in the alleged negligence; and 4) that Swing does not owe a legal duty to protect the public from the acts of others. (Doc. 52 at 3.)

**I.   Allegations in Complaint**

BNSF and Swing argue that the only reference to Swing in the Complaint constitutes a two-sentence allegation regarding his role at BNSF. *Id.* at 6. BNSF and Swing argue this allegation does not constitute a sufficient pleading as Johns has not shown that he possesses an entitlement to relief against Swing. The Court disagrees.

Johns's Complaint alleges all the same conduct against Swing as Johns alleges against BNSF, by incorporation of reference. The Complaint alleges

3

negligence by Swing personally for failing to inquire, study, and evaluate the dust hazard to human health. The Complaint alleges that Swing negligently failed to take measures to prevent toxic dust from collecting upon and escaping BNSF's property. Finally, the Complaint alleges that Swing negligently failed to warn Johns of the true nature of the hazardous effects of the dust.

## II. Independently Tortious Conduct

BNSF and Swing argue that Johns fraudulently joined Swing. This fraudulent joinder, according to BNSF and Swing, requires this Court to ignore Swing's presence in the action under application of the forum defendant rule. A corporate agent under Montana law may be held personally liable if the agent can be deemed personally negligent, or if the agent's actions can be deemed tortious in nature. *Crystal Springs Trout Co. v. First State Bank of Froid*, 732 P.2d 819, 823 (Mont. 1987) (citations omitted). Judge Johnston determined that the Montana Supreme Court has allowed an employee to be named as a defendant when the allegations exist against the employee personally. (Doc. 49 at 5.)

BNSF and Swing argue that any alleged negligence committed by Swing occurred within the course and the scope of his employment. (Doc. 52 at 5.) BNSF and Swing argue that Swing cannot be held personally liable for conduct occurring within the course and scope of his employment. *Id.* Judge Johnston determined that courts within this District have deemed it sufficient to hold the agent personally

4

liable if the agent either ignored warnings, or participated in the principal's tortious conduct. *See Castro v. ExxonMobil Oil Corp.*, 2012 WL 523635 at 3 (D. Mont. 2012); *Staley v. BNSF Railway Co. & Lynn Ludwig*, 2015 WL 860802 (D. Mont. 2015).

BNSF and Swing attempt to distinguish *Castro* and *Staley* based on the defendant's knowledge in each case. This distinction proves unpersuasive. Johns alleges in his Complaint that Swing acted as the managing agent for BNSF in Libby, Montana, and as "such is separately responsible for acts wrongful in this nature."

### III. Piercing the Pleadings

BNSF and Swing argue that the Judge Johnston did not "pierce the pleadings" and evaluate the factual merits of Johns's allegations. (Doc. 52 at 10.) Removal statutes should be construed strictly against removal jurisdiction. *Lovell v. Bad Ass Coffee Co. of Hawaii, Inc.*, 103 F. Supp. 2d 1233, 1236 (D. Haw. 2000). A party will be considered fraudulently joined and removal will be permitted only when the plaintiff has not, or cannot, state a claim for relief against the non-diverse individual under the applicable state substantive law. *Id.* at 1237 (citation omitted).

BNSF and Swing, in their objection, point to specific evidence that they believe fails to substantiate Johns's allegations against Swing. (Doc. 52 at 10-11.)

5

Johns, in the motion to remand, points to similar evidence that he argues will establish his claims. (Doc. 14 at 7-12). Federal jurisdiction must be rejected if any doubt exists as to the right of removal in the first instance.

The defendant seeking removal to federal court may present facts, however, showing the joinder to be fraudulent. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998). The Court must look at whether the plaintiff truly possesses a cause of action against the alleged fraudulent defendant, as opposed to evaluating whether the alleged fraudulent defendant could propound a defense to an otherwise valid cause of action. *Id.* The Court agrees with Judge Johnston's determination that removal remains proper in this instance. Johns alleges a sufficient claim for relief against Swing at this juncture. It would exceed the Court's proper role to evaluate any defenses that BNSF and Swing possess against that claim in assessing remand. *Id.* As the Ninth Circuit noted in *Ritchey* when "the defense is exogenous to the cause of action itself, it will not turn a state action into a federal one."

### IV. Legal Duty

BNSF and Swing argue that Swing did not owe a duty to warn or protect the general public. (Doc. 52 at 8.) BNSF and Swing argue instead that the State of Montana possessed the duty to act and correct, or prevent, conditions known to be hazardous to the health of W.R. Grace employees, Libby community members, and

6

even Swing himself. *Id.* at 9. Judge Johnston determined, and the Court agrees, that the Complaint alleges negligence by Swing.

The Complaint alleges that Swing failed to inquire, study, and evaluate the dust hazard to human health, failed to take measures to prevent toxic dust from collecting upon and escaping from BNSF's property, and failed to warn Johns of the true nature of the hazardous effects of the dust. Swing acted as the supervisory agent in Libby, Montana, from 1973 to 1984. Safety played a role in his job including identifying risks of injury, warning others of those risks, and preventing harm by eliminating risks. These allegations prove sufficient to state a negligence claim against Swing personally at this juncture.

## V. Conclusion

Judge Johnston concluded that BNSF did not establish that Swing has been fraudulently joined. (Doc. 49 at 6.) The forum defendant rule renders improper BNSF's removal. *Id.* at 7. This matter shall be remanded back to Montana's Eighth Judicial District in Cascade County, Montana.

Johns requested an award of the "just costs and reasonable attorney fees in securing remand" pursuant to 28 U.S.C. § 1447(c). Judge Johnston determined that BNSF possessed an objectively reasonable basis for seeking removal. (Doc. 49 at 8.) Johns will not be awarded attorney's fees and costs.

The Court has reviewed Judge Johnston's Findings and Recommendations *de novo*. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 49), are ADOPTED IN FULL.

**IT IS ORDERED** that Plaintiff Gregory Johns's Motion to Remand (Doc. 13), is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff Gregory Johns's request for attorney's fees and costs is DENIED.

DATED this 1st day of February, 2018.

Brian Morris
United States District Court Judge